## In the Matter of Derrick D. ELEY.

### No. 49S00–0701–DI–26.

Supreme Court of Indiana.

May 21, 2007.

### No. 49S00–0606–DI–217.

Supreme Court of Indiana.

May 21, 2007.

*ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that the Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** The hearing officer found Respondent committed ethical violations in handling the following cases:

(1) In October 2000, a client contacted Respondent to represent him in a dissolu-

tion of marriage. Respondent collected a $750 non-refundable retainer, kept $250, referred the case to another attorney, and had no material involvement in the case thereafter.

(2) In January 2001, a client hired Respondent to represent him in a medical malpractice case. Respondent failed to prosecute the case and failed to respond to the client's numerous requests for information about the status of the case. When the case was dismissed, Respondent did not inform his client of the dismissal, but rather told the client that the case was progressing.

(3) In February 2004, a client hired Respondent to represent her in an employment discrimination case. Respondent failed to prosecute the case and the case was dismissed.

**Violations:** The Court finds that Respondent violated the following Professional Conduct Rules:

1.3: failure to act with reasonable diligence and promptness.

1.4(a): failure to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

1.5(a): making an agreement for, charging, or collecting an unreasonable fee.

1.5(e): taking an improper division of a fee.

8.4(c): engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

**Discipline:** For this professional misconduct, the Court **suspends Respondent from the practice of law for a period of six (6) months, effective immediately.** Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect,

Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c). The costs of this proceeding are assessed against Respondent.

The Clerk of this Court is directed to give notice of this order to the hearing officer, to the parties, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

SHEPARD, C.J., and SULLIVAN, J., concur.

DICKSON, J., concurs to create a majority for the purpose of disposition but believes a longer suspension should be imposed.

BOEHM and RUCKER, JJ., dissent and would suspend for 90 days, believing that a six-month suspension is inconsistent with existing precedent.